# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID FRANKLIN WEST,**
**CE'NEDRA N. WEST,**
        **Plaintiffs,**

-vs-                                          **Case No.  6:07-cv-1532-Orl-18KRS**

**WILLIAM PARSONS, MICHAEL**
**O'NEILL, MELISSA CLARK,**
        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **SECOND MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 8)**
>
> **FILED:**    **December 28, 2007**

> **MOTION:**    **MOTION FOR THE COURT TO ORDER COPIES FROM THE COURT CLERK AND SERVICE TO ALL DEFENDANT[S] (Doc. No. 9)**
>
> **FILED:**    **December 28, 2007**

**I.     PROCEDURAL HISTORY.**

Plaintiff David Franklin West on behalf of himself, Ce'Nedra N. West[1] and family, filed a complaint against Ben F. Johnson of the Volusia County Sheriff's Office, Judge William Parsons, Assistant Public Defender Micheal O'Neill, and Deputy Prosecuting Attorney Melissa Clark. West alleges that his constitutional rights under the Fifth and Sixth Amendments of the United States Constitution were violated when, during a state court proceeding, he was not permitted to dismiss his appointed attorney, Prosecutor Clark withheld evidence, and Prosecutor Clark and Defense Attorney O'Neill conspired to mislead him regarding possible defenses in his case. He alleged that he was convicted, which conviction was affirmed on direct appeal. He then filed a motion for post-conviction relief which proceeded to an evidentiary hearing. Thereafter, the charges were withdrawn. West sought money damages for mental anguish and suffering for himself and his daughter, among other relief. Doc. No. 1.

West sought leave to proceed *in forma pauperis*. Doc. No. 2. The Court denied that request without prejudice, and required West to file an amended complaint. Doc. No. 6.

West filed his amended complaint and a renewed motion to proceed *in forma pauperis*. Doc. Nos. 7, 8. In the amended complaint, West again purports to file on behalf of himself, Ce'Nedra N. West and family. He named only Clark, O'Neill and Parsons as defendants. In all other respects, he simply incorporated by reference the allegations of his original complaint. Doc. No. 7. He subsequently filed a memorandum in support of the amended complaint that alleges additional facts underlying his amended complaint. Doc. No. 10.

---

[1] Ce'Nedra West is the daughter of David Franklin West. Doc. No. 10 at 5.

**II.   STANDARD OF REVIEW.**

Under 28 U.S.C. § 1915(e), the Court is required to consider whether West's complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J.,concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)to dismissals for failure to state a claim on which relief may be granted under section1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1960.

**III.   ANALYSIS.**

David Franklin West is proceeding *pro se* in this case. There is no indication that he is an attorney admitted to practice in this Court. Therefore, as an initial matter, he cannot act on behalf of Ce'Nedra N. West and family. This is because "Rule 17(c) . . . permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon such representatives

to serve as legal counsel." *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997).

With respect to West's personal claims, the recent decision of the United States Court of Appeals for the Eleventh Circuit in *Holt v. Crist*, 233 Fed. Appx. 900, 902 (11th Cir. 2007), is instructive. In that case, Plaintiff Holt alleged that his constitutional rights had been violated based on a state criminal prosecution brought against him. He named as defendants his public defender, prosecutors and the presiding judge. The district court dismissed his complaint, and that finding was affirmed by the Eleventh Circuit.

As to the claims against the judge, the Eleventh Circuit observed that "'[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in this judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Id.* at 903 (quoting *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005)). Accordingly, it concluded that Holt's claims against the judge were properly dismissed because the basis of his claims related only to orders entered and actions taken or not taken in the pending case. Similarly, in the present case, West's claims against Judge Parsons arise solely from Judge Parsons' actions as the presiding judge in West's criminal case, over which he had jurisdiction. Therefore, Judge Parsons has absolute immunity, and the claim against him must be dismissed.

In *Holt*, the Eleventh Circuit also wrote that "'in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.'" *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). This immunity extends even to prosecutorial misconduct. *Id.* (citing *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279-81 (11th Cir. 2002)).

With respect to the public defender, the court found that he did not act under color of state law, which is a necessary showing to support a claim of violation of constitutional rights under § 1983. *Id.* at 902. The court observed that the prosecutors and public defender could be liable only if they acted in concert with each other in depriving a plaintiff of his constitutional rights. *Id.* at 902-03. However, "[a] prosecutor only can be liable for conspiracy 'if his agreement to join the conspiracy or conduct knowingly done in furtherance of it occurred while he was not in his prosecutorial role.'" *Id.* at 903 (quoting *Rowe*, 279 F.3d at 1282); *see also Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984)(finding a prosecutor immune from § 1983 liability based on claims that he conspired to withhold evidence). The court concluded that the claims against the prosecutors and public defender were appropriately dismissed because the actions of the prosecutors were taken only in their prosecutorial role, and the allegations of conspiracy as to the public defender were too general and conclusory. *Holt*, 233 Fed. Appx. at 903.

Similarly, in the present case, all of West's allegations about Prosecutor Clark's alleged misconduct in withholding evidence and giving him misleading advice about the defenses in his case were done in her prosecutorial role. As such, she is immune from prosecution.

Public Defender O'Neill was not acting under color of state law with respect to his representation of West. Moreover, as in *Holt*, the allegations of conspiracy by O'Neill are too vague and conclusory, and the allegations of conspiracy are insufficient as to the only alleged co-conspirators – Judge Parsons and Prosecutor Clark.

Accordingly, the allegations of the amended complaint are insufficient to state a claim against O'Neill, and establish that Parsons and Clark are absolutely immune from prosecution. Under these

circumstances, the complaint should be dismissed with prejudice and the other pending motions denied as moot.

**IV.   RECOMMENDATION.**

For the reasons set forth herein, I respectfully recommend that the Court do the following:

1. Dismiss the amended complaint with prejudice;

2. Deny the pending motions, doc. nos. 8 and 9; and,

3. Direct the Clerk of Court to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 4, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy